**CALENDAR AND SETTLEMENT CONFERENCE ORDER**

A settlement conference with the undersigned is scheduled in this case for **May 23, 2012 at 1:00 p.m.** at her chambers at 450 Main Street, Room 262, Hartford, Connecticut.  Those in attendance at the conference should be prepared to spend the remainder of the day at the settlement conference.

I. PARTIES WITH FULL AUTHORITY MUST ATTEND.  The parties are hereby ORDERED to be present at the conference.  If a party is a legal entity, not an individual, a representative of the party who is fully authorized to decide all matters pertaining to the case shall be present at the conference.  The court will not hold a settlement conference without all parties present.  A party may not participate by phone without express, advance approval by the court.  In cases where a party requires authority from an insurer to settle the case, the party shall ensure that an insurance company representative with full authority to settle the case is present at the conference. For a plaintiff, "full authority" means final authority to dismiss the case with prejudice, and to accept in settlement an amount or terms down to the defendant's last offer.  For a defendant, "full authority" means final authority to commit a defendant to pay, in the representative's own discretion, a settlement amount up to the plaintiff's prayer or the plaintiff's last demand, whichever is lower.  The purpose of this requirement is to have in attendance a person with both the authority and independence to settle the case during the settlement conference without consulting anyone not present.  The requirement that

parties personally appear is intended to increase the efficiency and effectiveness of the settlement conference. Failure of a party <u>with full authority to settle the case</u> to attend the conference may result in the imposition of sanctions. See <u>Nick v. Morgan's Foods</u>, 99 F. Supp. 2d 1056, 1062-63 (E.D. Mo 2000). Counsel are ordered to advise their respective clients and insurance company representatives of the <u>Nick</u> decision.

  II. <u>EXCHANGE OF OFFERS AND DEMANDS</u>. Settlement conferences are often unproductive unless the parties have exchanged offers and demands before the conference and made a serious effort to settle the case on their own. The parties shall continue to discuss resolutions to the case prior to the settlement conference.

  III. <u>CONFERENCE MEMORANDA</u>. Counsel, the parties, and the court want to maximize the efficiency and productivity of the settlement conference. Toward that end, in this particular case, it is likely to be expeditious if there is an exchange of the pre-conference memoranda which usually would be submitted *ex parte*. Counsel shall confer regarding the information and proposals the parties will submit. It will be helpful to all if counsel submit to the court only one document – easy to follow and user friendly – which everyone has reviewed before the conference. The parties need not agree on every item, but if they disagree they shall clearly delineate the area of their disagreement. Counsel should provide chambers with sufficient copies for all participants. The parties also may submit short, *ex parte* supplements but, if they do

so, they shall inform opposing counsel of the general nature and the length of the *ex parte* submission. All submissions shall be in no less than 12 point font and must be at least double spaced. The deadline for submission is no later than **May 17, 2012.**

    IV. <u>ATTENDEES.</u> The parties' submission should include list of all those who will attend the conference, including job titles if pertinent to the case.

    V. <u>REQUESTS PERTAINING TO THE CONFERENCE</u>. Any requests pertaining to the conference shall be made to the chambers of the undersigned in writing, or by telephone confirmed in writing, no later than 10 days from the date of this order. Any counsel requesting continuances, which will be considered only for good cause shown, shall consult with all opposing counsel before making the request and, in the event of a continuance, shall notify all parties of the new date and time.

    VI. <u>DUE DATES REMAIN IN PLACE</u>. Counsel are reminded that the scheduling of a settlement conference does not affect existing deadlines and shall not delay discovery or other due dates.

    SO ORDERED this 2nd day of May, 2012 at Hartford, Connecticut.

                                _____/s/_____  
                                Donna F. Martinez  
                                United States Magistrate Judge